COHEN et al. v. FRANKEL.

(Supreme Court, Appellate Term, First Department.   May 6, 1915.)

1. LANDLORD AND TENANT ⊜⟹233—RENT—DEPOSIT AS SECURITY—DISPOSSES-
SION.
    In an action for rent, the answer denied nonpayment and alleged that
the tenant had deposited security, that dispossess proceedings had been
brought and final order entered, and that before issuance of the warrant
it was agreed that defendant should surrender possession, and that plain-
tiff might apply on the rent part of the deposit, which had been done.
Held, that directing a verdict for plaintiffs on the pleadings, on the theory
that, as the lease provided that the tenant's liability should survive dis-
possess proceedings, there was no consideration for the agreement to ex-
tinguish the rent, was error, since the lease was not before the court.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
49, 940-944;  Dec. Dig. ⊜⟹233.]

2. LANDLORD AND TENANT ⊜⟹199—LIABILITY FOR RENT—AGREEMENT TO RE-
LEASE RENT—CONSIDERATION.
    Where a tenant, who had deposited an amount to secure the payment of
rent, agreed to forego the right to redeem after final order in summary
proceedings to give up possession before issuance of a dispossess war-
rant, and to allow the deposit to be applied to pay rent accruing subse-
quently to the date of final order of dispossession, and surrendered pos-
session, it was a consideration for the release of rent.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
741, 742;  Dec. Dig. ⊜⟹199.]

3. TRIAL ⊜⟹178—MOTION FOR VERDICT ON PLEADINGS—ADMISSION.
    On plaintiff's motion for a directed verdict on the pleadings, the allega-
tions of the answer must be taken as true.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403;  Dec.
Dig. ⊜⟹178.]

Appeal from City Court of New York, Trial Term.

Action by David Cohen, Eva Wartels, and Mary Rosen against Da-
vid Frankel.   Judgment for plaintiffs, and defendant appeals.   Re-
versed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLE-
TON, JJ.

Jacob Manheim, of New York City, for appellant.

Goldfein & Weltfisch, of New York City (Jos. Goldfein, of New
York City, of counsel), for respondents.

PENDLETON, J.   The action is for rent for January, 1915, under
a three-year lease from February 1, 1914.   The answer denied non-
payment;  alleged, as an affirmative defense, that the tenant had de-
posited with the landlord $1,000 as security for the rent, that dispos-
sess proceedings had been brought and a final order entered, and that
before the issuance of the warrant it was agreed defendant should
give up possession, and plaintiff might and should apply to the payment
of the January rent part of the deposit, and that in pursuance thereof
defendant did surrender possession;  and alleged that thereby the said
rent had been paid.   The court at the trial, before the taking of any
testimony, directed a verdict for plaintiffs on the pleadings.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1-3] It needs no argument to show that to support such action the pleadings alone must be looked at, and yet it is evident from the record that the court acted, not on the pleadings alone, but on the terms of the lease, which was not before the court. The court evidently proceeded on the theory that, as the lease provided that the tenant's liability should survive dispossess proceedings, there was no consideration for the agreement alleged in the answer. However this may be, the lease was not before the court, so that the ruling was, on that account, if no other, error. The agreement by defendant to forego the right to redeem, to give up possession without, or before, issuance of the warrant, and allow the deposit to be applied to pay the whole January rent, even for the period subsequent to the date of the final order, and giving up possession, were, under the circumstances appearing by the pleadings, all good considerations for the agreement. The answer, therefore, alleged a valid agreement to apply part of the deposit to the payment of the rent sued for, and performance of his part of the agreement by defendant. This, for the purposes of the motion, must be assumed to be true, and, if true, the facts constituted a defense.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.